LeBLANC, Judge.
Plaintiff-appellant, Austin Duncan (Duncan), filed a petition for damages against defendant-appellees, Offshore Food Service, Inc. (Offshore Food) and Penrod Drilling Company (Penrod), based on Jones Act negligence and unseaworthiness and general maritime law. After a trial on the merits, the trial court dismissed all of Duncan’s claims. Duncan appealed.
Offshore Food provides catering services to offshore industries as an independent contractor. Duncan was employed as a galley hand/bedroom hand by Offshore Food in early 1990. He was assigned work on a “call-out” basis, usually for a 14/7 day hitch, to fixed platforms and drilling rigs. His last assignment was to the Penrod No. 72, a semi-submersible drilling rig. While performing his duties, Duncan stood on an electric floor heater to make up one of the top bunks. Duncan stated in the accident report that the heater slipped from underneath him and he fell on his back. Duncan had been on the rig for four days when the accident happened.
Duncan reported the accident and was transported by helicopter to the emergency room at Terrebonne General Medical Center. He was seen by Dr. Barbara Van Winkle, diagnosed as having a contusion and advised to take it easy for a few weeks. He saw Dr. Van Winkle again after two weeks, his prognosis was good, and he was told to continue light duty for two more weeks. He did not return for a follow-up appointment scheduled for May 4th.
However, Duncan sought additional medical care from Dr. Toussaint Leclercq, a neurosurgeon, and Dr. Gregory Volek, a chiropractor. On October 2, 1990, Dr. Leclercq performed a neurotomy, an in-patient medical procedure which burns the nerve. This destroys the nerve and also the ability of the *352 nerve to transmit pain signals to the brain. In April of 1991, Duncan reported he was free of pain. He began working for another employer in October, 1991.
Duncan sought damages under the Jones Act and general maritime law for negligence and unseaworthiness, and maintenance and cure.
In written reasons for judgment, the trial court found Duncan was not a seaman. Judgment was rendered dismissing his claims. Duncan appealed.
The first issue for our consideration is whether the trial court erred in finding Duncan did not qualify as a seaman for purposes of the Jones Act. 46 U.S.C.App. § 688.
The determination of seaman status under the Jones Act is inherently a factual question and such finding will not be reversed unless clearly wrong. Theriot v. McDermott, Inc., 611 So.2d 129, 132 (La.App. 1st Cir.1992), writ denied, 615 So.2d 342 (1993). The test for seaman status was established in Offshore Company v. Robison, 266 F.2d 769, 779 (6th Cir.1959). The Robison court stated:
[T]here is an evidentiary basis for a Jones Act case to go to the jury:
(1) if there is evidence that the injured workman was assigned permanently to a vessel ... or performed a substantial part of his work on the vessel; and
(2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.
The Robison test was reaffirmed in Barrett v. Chevron, U.S.A., Inc., 781 F.2d 1067, 1073-74 (5th Cir.1986).
We find no error with the trial court’s denial of seaman status. The record establishes that Duncan was not permanently assigned to this vessel or any vessel. He testified his work assignments were to different locations and that he was paid an hourly rate, based on hours worked. On his last assignment Duncan was sent to Penrod No. 72; however, Duncan did not have a permanent or regular assignment. He simply waited for a call instructing him to come to work; then he went to whatever location he was assigned. It was not error for the trial court to find Duncan lacked a permanent assignment to a vessel.
However, the Robison test contemplates that the first prong may be satisfied in one of two alternative ways. Bertrand v. International Mooring & Marine, Inc., 700 F.2d 240, 246 (5th Cir.1983), cert. denied, 464 U.S. 1069, 104 S.Ct. 974, 79 L.Ed.2d 212 (1984). Duncan may satisfy the first prong by demonstrating the performance of a substantial portion of his work is aboard a vessel.
The record does not establish that Duncan performed a substantial part of his work on a vessel. Although the record does not specifically establish the percentage of time Duncan had spent on fixed platforms, his testimony indicates his work assignments had been varied and were to both fixed platforms and drilling rigs. Fixed platforms are not vessels. See, Kirk v. Land & Marine Applicators, Inc., 555 F.2d 481 (5th Cir.1977). Therefore, in the context of his entire employment with Offshore Food as a galley hand/bedroom hand, Duncan failed to establish he performed a substantial portion of his work aboard a vessel. See, Barrett, 781 F.2d at 1076.
Because Duncan fails to meet the first prong of the Robison test—that he was assigned permanently to a vessel or that he performed a substantial part of his work on a vessel—he cannot be considered a seaman for purposes of the Jones Act. Accordingly, we affirm the judgment of the district court dismissing plaintiffs claims under the Jones Act.
Plaintiff also assigns as error the trial court’s dismissal of his general maritime negligence claims against Penrod. Duncan argues both Offshore Food and Penrod were negligent in failing to provide him with the necessary tools and equipment to perform his duties, specifically, some type of device designed for standing upon.
*353 To reverse the trial court’s holding of no negligence we must find that the court was manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). We find no manifest error by the trial court. Duncan stated he decided to use a space heater as a stool, not willing to take the extra time necessary to go to another room to locate a chair or stepladder. Duncan, at the time of the accident, was 6'3" and weighed 308 pounds. Although there were chairs available for his use, and which he used on other occasions without incident, Duncan chose not to utilize them on this occasion. This decision violated both the safety rules of Offshore Food and common sense. The trial court did not commit manifest error in finding Offshore Food and Penrod free from fault. Accordingly, we affirm the trial court’s judgment dismissing plaintiffs claims for negligence against Penrod.
Duncan also assigns as error the trial court’s dismissal of his claims based on unseaworthiness, finding the Penrod No. 72 seaworthy. The trial court’s finding concerning seaworthiness is a finding of fact that may not be disturbed unless clearly erroneous. Spangler v. North Star Drilling Co., 552 So.2d 673, 676 (La.App. 2nd Cir.l?89). The test for unseaworthiness is if the vessel was “reasonably fit and safe”. Miles v. Melrose, 882 F.2d 976, 981 (5th Cir.1989), affirmed, Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). The Penrod No. 72 had aboard sturdy chairs which Duncan had used in the past to assist in making up the top bunks. The space heater was not intended to be used as a stepladder. Duncan chose to use the space heater on this occasion simply to save time. The finding that the Penrod No. 72 was seaworthy was not clearly erroneous.
Based on these holdings, we pretermit discussion of any other assignments of error. All costs of this appeal are to be paid by plaintiff.
AFFIRMED.